W. T. FOSTER, d/b/a FOSTER'S SALVAGE YARD *v.* ARKANSAS STATE HIGHWAY COMMISSION

77-246                                              562 S.W. 2d 298

Opinion delivered March 6, 1978
(Division I)

*R. D. Rouse,* for appellant.

*Thomas B. Keys* and *Chris Parker,* for appellee.

GEORGE HOWARD, JR., Justice. We are to decide whether the trial court's decree awarding damages to appellant in the sum of $17,000.00 for the relocation of his junkyard and denying him interest on the award is sustained by a preponderance of the evidence.

## THE FACTS

On October 29, 1970, appellee filed a petition for mandatory injunction in the Chancery Court of Lafayette County under and pursuant to Arkansas Highway Beautification Act, Ark. Stat. Ann. § 76-2513 et. seq. (Supp. 1977), requiring appellant to relocate his junkyard.

On December 20, 1971, a default decree was entered and appellant was given thirty-five days within which to relocate his junkyard. However, appellant did not complete the removal of the yard until approximately nine months after the date of the decree. On August 19, 1974, a hearing was held before the trial court to determine the amount of compensation appellant was entitled to. On December 30, 1974, the chancellor entered an order dismissing appellant's claim for compensation holding that appellant's claim for compensation constituted a suit against the State. Appellant appealed this holding to this Court and on July 7, 1975, we reversed and remanded the case, holding that under the circumstances, appellant's claim for compensation did not constitute a claim against the State and that he was entitled to compensation.[1]

On March 21, 1977, the trial court conducted a hearing on appellant's claim and on June 10, 1977, the trial court entered its decree awarding the appellant the sum of $17,-

[1]*See: Foster* v. *Arkansas State Highway Commission,* 258 Ark. 176, 527 S.W. 2d 601 (1975).

000.00 for damages and denied appellant's request for interest on the award. Further, appellant was awarded his cost in the sum of $259.93.

## APPELLANT'S CONTENTIONS FOR REVERSAL

1. The sum of $17,000.00 does not justly compensate appellant and the lower court's holding in this regard is against the preponderance of the evidence.

2. Appellant is entitled to interest beginning December 20, 1971.

## THE DECISION

### I.

In reviewing the case *de novo,* as we must, we are persuaded that the trial court's decree is supported by a preponderance of the evidence and, accordingly, we affirm the decision.

The evidence reflects that on the date that the trial court's decree was entered requiring appellant to relocate his junkyard, appellant's junkyard contained 309 automobiles, five tractors without wheels, one dragline, seven tons of used pipe, eight truck loads of scrap metal and a quantity of scrap iron.

Appellant testified that because of unfavorable weather conditions that adversely affected the grounds of his junkyard, it took him approximately 133 days to relocate his yard; that the task involved the appellant's personal services and the assistance of his two sons; that the task required the use of machinery — two winch trucks and a bulldozer — owned by appellant; that the reasonable value of the equipment used and the labor expended to complete the job amount to $23,040.00; appellant further testified that he paid his sons in cash and has no record to verify the labor and cost; and that he used his own machinery and equipment, thus, there are no records to confirm the rental cost. Moreover, there is no documentation of any actual out-of-pocket expenses.

The evidence also reflects that the junkyard consisted of eleven acres of land; that appellant owned only one acre in his own right for which he paid a purchase price of $3,000.00 approximately fifteen years ago; that the remaining ten acres belonged to someone else which he rented for $10.00 per month.

Appellant's appraiser testified that a junkyard the size that appellant was required to vacate could be moved under reasonable weather conditions for $16,800.00.

Burl Creech, an expert witness for appellee and who is a junkyard dealer, testified that he was familiar with appellant's junkyard and that the cost of labor and rental equipment needed to relocate the yard, even under adverse conditions, would not exceed $4,386.00.

Ken McMurrough, a staff appraiser for appellee, who resided in the same community where appellant's yard was located, testified that the reasonable cost, including labor and equipment rental, for removing the yard would be approximately $4,950.

The conflicting testimony as to the cost in terms of labor and rental fees for equipment presented a fact question. The trial judge was in a position to observe the demeanor and conduct of the witnesses who testified and we cannot state that his holding is not supported by a preponderance of the evidence.

## II.

In *Foster* v. *Arkansas State Highway Commission*, supra, we stated that an action under Ark. Stat. Ann. § 76-2513 et. seq. (Supp. 1977), requiring a junkyard owner, as herein, to relocate his yard, is an action in the nature of an eminent domain proceeding.

In *Arkansas State Highway Commission* v. *Muswick Cigar & Beverage Co.*, 231 Ark. 265, 329 S.W. 2d 173, we also stated that interest on damages for the taking of property in an eminent domain proceeding runs from the

date of surrender of possession of the property sought to the date of payment. *See also:* Ark. Stat. Ann. § 76-536 (Repl. 1957).

Larry Long, witness for appellee, testified in relevant part as follows:

"MR. PARKER: Would you take this picture and show the Court why in your opinion the old location was not in compliance with the State Highway Department?

A. In my opinion, this picture depicts several junk vehicles and several tons of scrap metal that is still in view of the State Highway and is still part of the salvage yard location.

Q. Are you familiar with the present location, where he is located now?

A. Yes.

Q. When was the last time you saw it?

A. Several months ago, but I saw it also this morning.

Q. Is the present location maintained in compliance with the State Highway Department?

A. No sir. The new location is not in compliance with the State Laws, as such a junk yard."

We are persuaded that as of the trial date of this cause, appellant had not completed relocating or removing the debris and old automobiles from the old yard, stated differently, appellant had not surrendered possession of the junkyard as of the trial date, consequently, appellant was not entitled to interest on the award.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.